**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 43968**

| | | |
|---|---|---|
| JIMMY L. CHRISTY JR., | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GRASMICK PRODUCE, Employer, | ) | Boise, April 2017 Term |
| CONSOLIDATED ELECTRICAL, | ) | |
| Employer, MR. MUDD CONCRETE | ) | 2017 Opinion No. 55 |
| CORPORATION, Major Base Employer, | ) | |
| IDAHO STATE PENITENTIARY, | ) | Filed: May 31, 2017 |
| Cost Reimbursement Employer, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Employers-Respondents, | ) | |
| and | ) | |
| | ) | |
| IDAHO DEPARTMENT OF LABOR, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the Industrial Commission.

The decision of the Industrial Commission is <u>affirmed</u>.

Law Office of D. Blair Clark, PC, Boise, for appellant. D. Blair Clark argued.

Honorable Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Douglas Werth argued.

_____

BRODY, Justice.

Claimant appeals the decision of the Idaho Industrial Commission that found him ineligible for unemployment benefits based upon a willful underreporting of earnings to the Idaho Department of Labor.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

1

Jimmy Christy filed an application for unemployment benefits in December 2014. Christy visited the Idaho Department of Labor ("IDOL") for assistance with the website application. Christy was shown an informational PowerPoint slideshow to assist applicants during the filing process.

After he applied for benefits, Christy worked part-time for Grasmick Produce. He worked for Grasmick from January 2015 until the end of March. Christy also worked for Consolidated Electrical in March. Christy testified that he was uncertain about how to report his earnings so he visited a local IDOL office where an employee told him to "report what he gets." Christy asserts that this is why he reported his net earnings.

IDOL conducts cross-match audits on a quarterly basis. A cross-match audit involves comparing earnings reported by employers with the filings submitted by the employee. In this case, IDOL received earnings information from Grasmick Produce and Consolidated Electrical to cross-match Christy's reported earnings. IDOL found that the reports filed by the employers did not match Christy's reports. IDOL mailed Christy a letter to the address the department had on record asking him to explain the discrepancy. IDOL requested a response by June 5, 2015, at 5:00 p.m. Christy did not respond to the letter.

IDOL subsequently found that Christy willfully misrepresented his weekly earnings. On June 24, 2015, IDOL mailed Christy its determination of ineligibility, which set forth overpayment amounts and imposed civil penalties. Christy appealed the determination.

A telephonic hearing before an appeals examiner was held on July 28, 2015. During the hearing, Christy argued that he had reported the net earnings from his jobs and that his net earnings were based on a different workweek than that used by IDOL. The appeals examiner suggested, and the parties stipulated, to vacate IDOL's determination and remand this matter so that a decision could be made with corrected information.

On August 12, 2015, IDOL issued a determination based upon the corrected income figures. IDOL found that Christy had willfully misrepresented his earnings, and so it set forth overpayment amounts and imposed civil penalties. Christy appealed the determination to the appeals examiner.

On September 16, 2015, a second telephonic hearing was held. The appeals examiner heard additional testimony at that hearing, including Christy's testimony that despite attending high school, he continues to have problems with numbers and does not read well. The appeals

examiner then issued his decision. He found that Christy willfully misrepresented his weekly earnings, and thus was ineligible for unemployment benefits.

Christy appealed the hearing examiner's decision to the Idaho Industrial Commission. The Industrial Commission found that Christy's explanations resolved only part of the discrepancies revealed by the cross-match audit. The Industrial Commission also found that Christy had failed to report $400 in wages from Consolidated Electrical for March. The Industrial Commission entered its decision finding that Christy had willfully misstated material facts in his weekly earnings reports to IDOL and found him ineligible for unemployment benefits for each of the weeks that earnings were willfully misrepresented. The Industrial Commission also imposed civil penalties and interest. Christy filed a timely notice of appeal to this Court.

## II.
## ISSUES PRESENTED ON APPEAL

1.      Whether there was substantial and competent evidence to support the Industrial Commission's finding that Christy willfully failed to report a material fact in order to obtain benefits.

2.      Whether any party is entitled to attorney's fees.

## III.
## STANDARD OF REVIEW

"This Court upholds decisions of the Industrial Commission unless (1) the Commission has acted without jurisdiction or in excess of its powers; (2) the Commission's findings of fact are not based on substantial and competent evidence; (3) the findings of fact, order or award were procured by fraud; (4) as a matter of law, the findings of fact do not support the order or award." *Locker v. How Soel, Inc.*, 151 Idaho 696, 699, 263 P.3d 750, 753 (2011) (citing I.C. § 72-732). The Court exercises free review over questions of law. *Id.* at 699, 263 P.3d at 753.

"Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Funes v. Aardema Dairy*, 150 Idaho 7, 10, 244 P.3d 151, 154 (2010) (quoting *Eacret v. Clearwater Forest Indus.*, 136 Idaho 733, 735, 40 P.3d 91, 93 (2002)). "The Court will not re-weigh the evidence." *Cox v. Hollow Leg Pub and Brewery*, 144 Idaho 154, 157, 158 P.3d 930, 933 (2007). "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a

3

conclusion." *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000) (quoting *Zapata v. J.R. Simplot Co.*, 132 Idaho 513, 515, 975 P.2d 1178, 1180 (1999)). "[T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission." *Bell v. Idaho Dep't. of Labor*, 157 Idaho 744, 746–47, 339 P.3d 1148, 1150–51 (2014) (internal citations omitted).

## IV.
## ANALYSIS

**A.** **There is substantial and competent evidence to support the Industrial Commission's finding that Christy willfully failed to report a material fact.**

Christy argues that the Industrial Commission erred in finding that he willfully failed to report material facts in order to obtain benefits. He asserts that there were mistakes in his reporting, but there is no evidence of a "willful" misreporting. Christy's argument is unavailing.

The Industrial Commission made its eligibility determination based on Idaho Code section 72-1366(12), which provides that an employee is ineligible for unemployment benefits for a period of one year if it is determined that the employee "willfully" made a false statement or "willfully" failed to report a material fact in order to obtain benefits. Section 72-1366(12) states in relevant part: "A claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits." I.C. § 72-1366(12). It only takes one reporting violation to make an individual ineligible for unemployment benefits. *See McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 588, 272 P.3d 554, 560 (2012).

Under section 72-1366(1), "a fact is material if it is relevant to the determination of a claimant's right to benefits; it need not actually affect the outcome of that determination." *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 760, 589 P.2d 89, 95 (1979). Here, the amount of Christy's earnings is a fact relevant to the determination of Christy's rights to benefits. The question, therefore, becomes whether the discrepancies in reporting were "willful" or due to a misunderstanding or mistake.

This Court has explained that the term "willful" as used in Section 72-1366 (12) does not mean that someone has acted maliciously or with what the law calls an "evil mind." *McNulty*, 152 Idaho at 586-87, 272 P.3d at 558−59. The term "willful" means a willingness to commit the act:

[Willfully] implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, in the sense of having an evil or corrupt motive or intent. It does imply a conscious wrong, and may be distinguished from an act maliciously or corruptly done, in that it does not necessarily imply an evil mind, but is more nearly synonymous with "intentionally," "designedly," "without lawful excuse," and therefore not accidental.

*Id.* (quoting *Meyer*, 99 Idaho at 761, 589 P.2d at 96). "[T]he legislature intended to disqualify claimants who knowingly or consciously fail to report material facts, but not to punish accidental omissions due to negligence or misunderstanding." *Id.*

This Court addressed a situation, which is similar to this one, in *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 272 P.3d 554 (2012). McNulty filed for unemployment during the off-season between April, 2009 and November, 2009. *Id.* at 583, 272 P.3d at 555. While collecting benefits, McNulty began working at another job. *Id.* He failed to report his employment status and wages to IDOL. *Id.* IDOL discovered the discrepancy, and after speaking with McNulty, decided that he was ineligible for benefits under section 72-1366(12). *Id.* at 584, 272 P.3d at 556. On appeal, this Court considered whether IDOL had clearly posted the instructions for completing the wage reports. *Id.* at 587, 272 P.3d at 559. At that time, IDOL had a system prompt, a booklet, and signage instructing applicants as to how complete the forms. *Id.* McNulty testified that he did not report earnings under $284.00 because he had been told that it would not impact his eligibility. *Id.* The problem with this explanation was that he had also failed to report earnings on weeks where he earned over that amount. *Id.* In other words, his explanation did not explain the discrepancies. This Court found that there was substantial and competent evidence to support the Industrial Commission's finding that McNulty willfully failed to disclose material facts in order to obtain benefits. *Id.* at 589, 272 P.3d at 561.

There is no dispute that Christy's wage reports do not accurately reflect the gross amount of his earnings. Christy argues that English is not his native language and that he struggled with numbers and reading while in school. He argues that he did not understand the reporting instructions that were contained in the instructional video he watched when he applied for benefits and that the drop-down menu on the weekly electronic reporting form did not specify that he report gross earnings. He argues that he visited an IDOL office in Meridian where an employee told him to "report what he got" and that is why he reported net earnings rather than gross earnings. He also claims that IDOL uses a Sunday to Saturday wage period, while

5

Grasmick uses a Monday to Sunday tracking period, and that this accounts for discrepancies in some of the weekly wages reported.

The Industrial Commission created a detailed table comparing the weekly earnings reported by Christy with the net amount of the check actually written by the employer. The Commission analyzed thirteen weeks of benefits and found that Christy's testimony that he reported net earnings from his employer explained the reported earnings in four of the thirteen weeks. The Commission also found, however, that for one of the weeks where Christy reported net earnings from Grasmick Produce as he testified, he also failed to report any earnings from Consolidated Electric during that same period even though he had earned an additional $400.00. The Industrial Commission also examined Christy's claim that Grasmick used a different work week than IDOL's reporting week. The Industrial Commission found that if Christy were reporting his net earnings from his paycheck as he claimed (and was done for three of the weeks at issue), the fact that he forgot about having worked an extra day for Grasmick would not have changed the net earnings on his paycheck. Christy's claim that he forgot to include one of his work days when reporting how much he earned actually undermines his claim that he was reporting his net earnings.

While Christy claims that he lost his benefits for making a mistake, he overlooks the fact that the Industrial Commission actually allowed benefits for the three weeks where Christy's reported earnings were the same as the net earnings reported by the employer. This was a partial reversal of the appeal examiner's decision.

It is well understood that this Court upholds decisions of the Industrial Commission unless the Commission's findings of fact are not based on substantial and competent evidence. *Locker*, 151 Idaho at 699, 263 P.3d at 753 (citing I.C. § 72-732). In this case, the Industrial Commission's determination that Christy willfully failed to report his earnings is supported by substantial and competent evidence. As such, we must affirm.

On a final note, Christy argues that civil penalties should not have been imposed under I.C. § 72-1369(2) because there was no evidence to support the Industrial Commission's finding of "willfulness." Given our decision today, civil penalties were properly awarded.

**B.    Neither party is entitled to attorney's fees.**

Christy and IDOL each request attorney's fees and costs on appeal under Idaho Code section 12-117. Christy is not the prevailing party, and thus, is not entitled to attorney's fees.

6

IDOL argues that it should receive attorney's fees; however, it does not appear as though Christy acted without a reasonable basis in fact or law. No attorney's fees are awarded.

## V.
## CONCLUSION

We affirm the order of the Industrial Commission. Costs to IDOL.


Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.