## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 45845

| | | |
|---|---|---|
| DENISE M. EHRLICH, | ) | |
| | ) | |
| Claimant-Appellant, | ) | |
| v. | ) | Boise, February 2019 Term |
| | ) | |
| DELRAY MAUGHAN, M.D., P.L.L.C., | ) | Filed: April 4, 2019 |
| Employer; ST. LUKE'S REGIONAL | ) | |
| MEDICAL CENTER, Cost Reimbursement | ) | Karel A. Lehrman, Clerk |
| Employer, IDAHO DEPARTMENT OF | ) | |
| LABOR, | ) | |
| | ) | |
| Respondents. | ) | |

Appeal from the Industrial Commission of the State of Idaho. Chairman Thomas E. Limbaugh, presiding.

The order of the Idaho Industrial Commission is <u>affirmed</u>.

James Mitchell Law, Meridian, for appellant.

Idaho Attorney General's office, Boise, for respondent.

_____

STEGNER, Justice.

Denise M. Ehrlich (Ehrlich) appeals from an order of the Idaho Industrial Commission (the Commission) that determined she was ineligible for unemployment benefits. The Commission affirmed the determination of the Idaho Department of Labor (the Department) and the Appeals Examiner that Ehrlich willfully underreported her weekly earnings. On appeal, Ehrlich contends that the Commission's finding that she willfully misrepresented her wages was clearly erroneous. For the reasons set forth in this opinion, we affirm the Commission's decision.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

After losing her job of seventeen years with St. Luke's Regional Medical Center, Ehrlich applied for unemployment benefits with the Department on October 21, 2016. She began submitting weekly certifications of eligibility for benefits on April 15, 2017.

The Department performed a routine audit of Ehrlich's weekly certification reports. As part of that audit, the Department requested that Ehrlich's employer, DelRay Maughan, M.D.

(Maughan), verify Ehrlich's weekly earnings. The Department noticed a discrepancy between the wages Maughan reported Ehrlich had earned and the wages Ehrlich submitted in her weekly earnings reports for six of the weeks in which she sought unemployment benefits. On September 28, 2017, the Department mailed Ehrlich a letter notifying her of the discrepancies. Specifically, the Department's letter noted discrepancies six of the eight weeks between July 15, 2017, July 22, 2017, August 5, 2017, August 19, 2017, August 26, 2017, and September 2, 2017. The letter requested Ehrlich's explanation for the discrepancies by October 10, 2017.

On October 10, 2017, Ehrlich called the Department and spoke with Melisa Huyck (Huyck), a Benefit Payment Control Supervisor for the Department. During the telephone call, Ehrlich admitted that she made a mistake and had entered her hourly wage rather than her total weekly earnings. However, she requested additional time in order to look into the discrepancies. Huyck extended the deadline to October 12, 2017.

Ehrlich failed to reply by the new deadline. Subsequently, on October 17, 2017, the Department issued an eligibility determination ruling, finding Ehrlich willfully made false statements in order to obtain unemployment benefits. As part of the ruling, the Department: (1) determined Ehrlich would not be eligible for benefits from October 15, 2017, through October 13, 2018; (2) sought repayment of the benefits Ehrlich received to which she was not entitled; and (3) imposed a civil penalty.

On October 26, 2017, Ehrlich sent the Department a letter (October 26 letter) explaining what the mistakes were and why she had made them. The letter included various documents including weekly certifications as well as timesheets submitted to her employer. The Department construed her letter to be an appeal of the Department's eligibility determination. As a result, the Department scheduled a telephonic hearing for November 13, 2017.

On November 13, 2017, the parties participated in the telephonic hearing with the Appeals Examiner to determine whether Ehrlich willfully made false statements to obtain unemployment benefits. During the hearing, Huyck, on behalf of the Department, testified that when Ehrlich first began filing her weekly claims, she correctly reported her total wages.

2

However, after those initial weeks, Ehrlich switched back and forth between correctly reporting her total wages and incorrectly reporting them.[1]

When questioned about the discrepancies, Ehrlich stated that she did not fully understand what the question was asking. On several weeks, she "caught herself" reporting her hourly wage rather than gross earnings and corrected the error before completing the report. Ehrlich explained that on the weeks that she reported her earnings correctly, she was merely guessing correctly. For the weeks she reported them incorrectly, those were due to misunderstanding, fatigue, and stress. Ehrlich stated that her October 26 letter explained how the questions confused her.

Ultimately, on November 14, 2017, the Appeals Examiner issued a decision affirming the eligibility determination. The Appeals Examiner concluded that Ehrlich had made a materially false statement in six weekly certification reports and was unable to provide a reasonable explanation as to why she switched from reporting her total weekly earnings to her hourly rate and back again. Ehrlich appealed the Appeals Examiner's decision to the Commission.[2]

On January 30, 2018, the Commission affirmed the Appeals Examiner's findings that Ehrlich was ineligible for unemployment benefits because she had willfully underreported her wages. The Commission found that she was "consciously negligent" because she demonstrated on several occasions prior to submitting the incorrect claims that she was capable of submitting her wages correctly. Accordingly, the Commission affirmed the Appeals Examiner's decision that Ehrlich was ineligible for unemployment benefits for fifty-two weeks, that she had to repay any overpayments, and that she be subject to a civil penalty. Ehrlich timely appealed the Commission's decision.

## II. ISSUES PRESENTED ON APPEAL

1. Whether substantial and competent evidence supports the Commission's finding that Ehrlich willfully misrepresented material facts when she underreported her earnings in weekly reports to the Department.

2. Whether the Department is entitled to attorney's fees on appeal pursuant to Idaho Code section 12-117(1).

---

[1] Ehrlich correctly reported her earnings for the weeks ending on June 24, 2017, July 1, 2017, July 8, 2017, August 12, 2017, and September 9, 2017. Ehrlich did not file for benefits for the week ending July 29, 2017.
[2] Ehrlich's counsel failed to file a brief with the Commission. Her counsel filed for an extension of the deadline, but the Commission denied her motion. A motion for reconsideration was also denied. This determination has not been challenged by Ehrlich on appeal.

## III. STANDARD OF REVIEW

"When this Court reviews a decision from the Industrial Commission, [it] exercise[s] free review over questions of law, but review[s] questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Uhl v. Ballard Med. Prods., Inc.*, 138 Idaho 653, 657, 67 P.3d 1265, 1269 (2003). "Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Christy v. Grasmick Produce*, 162 Idaho 199, 201, 395 P.3d 819, 821 (2017) (quoting *Funes v. Aardema Dairy*, 150 Idaho 7, 10, 244 P.3d 151, 154 (2010)).

"Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Christy*, 162 Idaho at 201–02, 395 P.3d at 821–22 (quotation omitted). "[T]his Court views all the facts and inferences in the light most favorable to the party who prevailed before the Industrial Commission." *Bell v. Dep't of Labor*, 157 Idaho 744, 746–47, 339 P.3d 1148, 1150–51 (2014) (citations omitted).

## IV. ANALYSIS

### A. There is substantial and competent evidence to support the Commission's finding that Ehrlich willfully misrepresented material facts when she underreported her earnings.

The Commission determined that Ehrlich was not entitled to benefits because she willfully made false statements when she underreported her wages in her weekly certification reports to the Department. The Commission found that Ehrlich was "consciously negligent" because she had correctly reported her wages before and never attempted to contact the Department for clarification. Ehrlich argues that her misreporting of hourly wages rather than her total wages was an honest mistake and that the Commission and the Appeals Examiner failed to properly consider her October 26 letter.

A claimant "bears the burden of proving statutory eligibility for unemployment benefits." *Current v. Wada Farms P'ship*, 162 Idaho 894, 898, 407 P.3d 208, 212 (2017) (quoting *McNulty v. Sinclair Oil Corp.*, 152 Idaho 582, 585, 272 P.3d 554, 557 (2012)). A claimant must demonstrate that she has met all of the requirements set forth in Idaho Code section 72-1366. To enforce this requirement, Idaho Code section 72-1366(12) provides, "[a] claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that [s]he has willfully

4

made a false statement or willfully failed to report a material fact in order to obtain benefits." Further, the claimant is required to repay any benefits she received to which she was not entitled. *Id.* The claimant may also be subject to a civil penalty. *Id.*

Here, Ehrlich does not contend that her reported earnings were not material facts or that the statements were not false. Rather, she only argues that she did not willfully misstate her weekly earnings.

"This Court has explained that the term willful as used in section 72-1366(12) does not mean that someone has acted maliciously or with what the law calls an 'evil mind.'" *Christy*, 162 Idaho at 202, 395 P.3d at 822 (quoting *McNulty*, 152 Idaho at 586–87, 272 P.3d at 558–59). This Court has defined willfulness as implying

> simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law, in the sense of having an evil or corrupt motive or intent. It does imply a conscious wrong, and may be distinguished from an act maliciously or corruptly done, in that it does not necessarily imply an evil mind, but is more nearly synonymous with "intentionally," "designedly," "without lawful excuse," and therefore not accidental.

*Id.* (quoting *Meyer v. Skyline Mobile Home*, 99 Idaho 754, 761, 589 P.2d 89, 96 (1979)). "The term 'willfully' refers to those claimants who 'purposely, intentionally, consciously, or knowingly fail to report a material fact [or make a false statement], not those whose omission [or false statement] is accidental because of negligence, misunderstanding or other cause.'" *Cox v. Hollow Leg Pub & Brewery*, 144 Idaho 154, 157, 158 P.3d 930, 933 (2007) (alterations in original) (quoting *Meyer*, 99 Idaho at 761, 589 P.2d at 96).

1.  "Consciously negligent" is not a standard recognized by this Court.

Here, the Commission determined Ehrlich's conduct to be "consciously negligent." Although neither party disputes the Commission's use of "consciously negligent," we take this opportunity to clarify that "consciously negligent" is not a standard employed by this Court. Nor is it a standard to be employed by the Commission. Rather, the Commission must find the conduct to be willful.

Despite this erroneous nomenclature, the Commission appeared to apply this Court's previous holdings in its analysis. This Court has found willfulness when "a benefit claimant knew or thought it highly probable that he or she did not know what information a question solicited but nevertheless deliberately chose to respond without pursuing clarification . . . ."

5

*Bringman v. New Albertsons, Inc.*, 157 Idaho 71, 76–77, 334 P.3d 262, 267–68 (2014) (quoting *Meyer*, 99 Idaho at 762, 589 P.2d at 97); *see also Cox*, 144 Idaho at 157, 158 P.3d at 933. It appears that the Commission used "consciously negligent" to refer to this articulation of this Court's willfulness standard. Accordingly, we reject the Commission's use of the phrase "consciously negligent," but continue to review whether the Commission's order is supported by substantial and competent evidence.

2. The Commission's findings that Ehrlich willfully underreported her earnings are supported by substantial and competent evidence.

There is substantial and competent evidence to support the Commission's findings. The Commission limited its analysis to assessing the probability that Ehrlich did not know what the Department was asking, and, then, deliberately elected not to seek clarification. Ehrlich received a pamphlet containing instructions on how to complete her weekly certification reports. For the weeks at issue, Ehrlich reported her hourly rate instead of her total wages. However, and tellingly, for other weeks Ehrlich reported her earnings correctly. She testified during the telephonic hearing that she would "catch" herself putting her hourly wages and that she was always confused as to what the question was asking. Despite testifying that she was confused, it is undisputed that Ehrlich never sought clarification from the Department.

The Commission stated, while there was no reason to doubt Ehrlich's explanation, it still resulted in willful and false statements being made by Ehrlich to obtain unemployment benefits. The Commission found that, on more than one occasion, Ehrlich was capable of submitting her wages correctly. Thus, there is substantial and competent evidence to find that her conduct was willful under this Court's definition.

Ehrlich's main argument as to why the Commission's finding is clearly erroneous is that the Commission failed to consider her October 26 letter as an effort to "follow up and ensure reporting was accurate." She states, "[b]y not recognizing it for what [the] letter actually was . . . and giving little to no attention to it during the hearing" the Commission and Appeals Examiner failed to consider all of the evidence. However, this argument fails to appreciate the limited review of this Court on appeal from the Commission. This Court may only overturn the Commission's factual findings if they are clearly erroneous. *Current*, 162 Idaho at 898, 407 P.3d at 212. The Commission's determination that her October 26 letter was merely a protest to the determinations made by the Department and the Appeals Examiner was not clearly erroneous.

The October 26 letter was not sent to the Department until after the Department had notified her of the discrepancies, she had spoken to Huyck, and received the eligibility determination ruling that stated she was ineligible for benefits. Therefore, the Commission's treatment of her October 26 letter as a protest to the eligibility determination is not clearly erroneous.

Further, the Commission apparently did not take issue with Ehrlich's explanation. However, the Commission still determined that Ehrlich had an obligation to accurately report her earnings and that she should have contacted the Department if she was confused. Therefore, the Commission's findings are supported by substantial and competent evidence.

## B. The Department is not entitled to attorney's fees.

The Department requests attorney's fees on the basis that Ehrlich's appeal is without a reasonable basis in fact or law. Idaho Code section 12-117(1) provides: "in any proceeding involving as adverse parties a state agency . . . and a person, . . . the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees, . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law."

Here, the Commission seemingly accepted Ehrlich's testimony at face value, yet rejected her explanation nevertheless. This apparently contradictory finding renders Ehrlich's appeal understandable, even though not meritorious. As a result, her appeal is not frivolous. The Department's request for attorney's fees is therefore rejected.

## V.   CONCLUSION

We affirm the Commission's decision. We also award costs, but not attorney's fees, to the Department on appeal.

Chief Justice BURDICK, Justices BRODY, BEVAN and MOELLER, CONCUR.