IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 47266

| | |
|---|---|
| LACY PACE, nka LACY MILLER, | ) |
| | ) Filed: December 13, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WESTON ALAN PACE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Fremont County. Hon. Faren Z. Eddins, Magistrate.

Judgment, affirmed.

Smith Woolf Anderson & Wilkinson, PLLC; Zachary D. Lords, Idaho Falls, for appellant. Zachary D. Lords argued.

The Law Office of Joshua A. Garner, PLLC; Joshua A. Garner, Rexburg, for respondent. Joshua A. Garner argued.

HUSKEY, Judge

Lacy Pace (Lacy) appeals from the magistrate court's judgment granting Weston Alan Pace (Weston) primary physical custody of their two children. Lacy argues the magistrate court's decision constituted an abuse of discretion because it failed to make sufficient and correct factual findings, did not properly consider Idaho Code § 32-717's statutory factors related to child custody determinations, and erred in the manner it placed the decision into the record. Weston contends the magistrate court did not err because its factual findings were supported by substantial evidence and the magistrate court considered the best interests of the children in making its custody determination.

Because the magistrate court's factual findings were supported by substantial evidence and it considered the statutory and other relevant factors in determining the best interests of the

1

children, the magistrate court acted within the bounds of its discretion when it modified the custody order. Accordingly, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Prior to their divorce in 2016, Lacy and Weston had two children together. Upon divorcing, both parents were awarded joint legal and physical custody of the minor children. The custody agreement took into account Weston's work schedule at a concrete mill, which cyclically employs workers for twelve-hour shifts during the summer months and lays them off once winter begins. From November through March, the children alternated spending one week with Lacy and one week with Weston. From April through October, the children resided with Lacy during the week and with Weston three weekends per month.

Since the divorce, Lacy remarried and her husband accepted employment near Las Vegas, Nevada. Lacy filed a petition to modify the custody agreement, asking the magistrate court to allow the children to relocate to Nevada and to grant Lacy primary physical custody during the school year, with Weston having primary physical custody during the summers and major school breaks.[1] Lacy asserted the move represented a material and substantial change of circumstances that warranted a custody modification and the proposed modification was in the best interests of the children. Weston filed a counterclaim, acknowledging the change in circumstances and asking the court to award him physical custody during the school year, with Lacy receiving custody during the summer and major school breaks.

The magistrate court held a day-long trial and heard testimony from seven witnesses. The parties waived closing arguments and rested on the evidence presented. Three days later, the court orally pronounced its decision. The court found that Lacy's move to Nevada was a substantial and material change of circumstances that warranted a modification to the previous custody order. The magistrate court orally made approximately sixty factual findings, many of which reflected positively on Lacy's and Weston's parenting and the respective benefits to the children living in Idaho or Nevada. The court articulated the factors of I.C. § 32-717 that may influence a child custody determination and additional factors the court found relevant; explained

---

[1] Additionally, the petition asked the magistrate court to modify orders related to child support, daycare expense, income tax benefits, and health insurance and to find Weston responsible for Lacy's attorney fees if he contested the matter.

2

the context in which it considered those factors and the facts it believed were relevant to those factors; and acknowledged the difficulty of its decision. The court ultimately determined that remaining in Idaho would promote the continuity and stability that was in the children's best interests. Consequently, the magistrate court granted Weston primary physical custody of the children during the school year, with Lacy receiving primary physical custody during the summer and major school breaks. The court stated:

> [U]ltimately what it comes down to for me is that I feel that the stability of both [children] will be promoted if the children stay here in this area, have the extended family, have the familiarity with the school that they're in and so forth. I find that the relationship with [Weston] is such that [it] will be helpful and healthy. I also find that based upon the schedules, it makes more sense because both parties agreed that [Weston] generally works a lot more in the summer than he does in the wintertime.

Lacy timely appeals.

## II.

## STANDARD OF REVIEW

This case is on direct permissive appeal from a decision of a magistrate court affecting the custody of minor children; therefore, this Court is directly reviewing the decision without the benefit of a district court appellate decision. The awarding of custody of minor children rests within the discretion of the trial court. *Roberts v. Roberts*, 138 Idaho 401, 403, 64 P.3d 327, 329 (2003). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

A trial court's award of custody of minor children will not be overturned on appeal absent an abuse of discretion. *Roberts*, 138 Idaho at 403, 64 P.3d at 329. "A trial court abuses its discretion when its findings are clearly erroneous such that the court's findings are not based on substantial and competent evidence." *Schneider v. Schneider*, 151 Idaho 415, 420, 258 P.3d 350, 355 (2011). For decisions regarding a child custody award or modification, an abuse of discretion occurs when the evidence is insufficient to support a magistrate court's conclusion

3

that the interests and welfare of the children would be best served by the magistrate court's order. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007).

## III.

## ANALYSIS

On appeal, Lacy alleges the magistrate court's decision constituted an abuse of discretion because it failed to make sufficient findings, did not properly consider the statutory factors related to child custody determinations, and erred in orally placing the findings of fact and conclusions of law into the record. In response, Weston contends the magistrate court did not err because its factual findings were supported by substantial evidence and it considered the best interests of the children in making its custody determination. Both parties seek attorney fees.

**A.      The Magistrate Court Did Not Err in the Manner It Placed the Decision Into the Record**

As a preliminary issue, Lacy argues the magistrate court erred in placing the decision orally into the record instead of making written findings and conclusions. She also argues the court did not take the appropriate amount of time to make a considered decision.

The Idaho Rules of Family Law Procedure require "[i]n all actions tried upon facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." I.R.F.L.P. 801. The Idaho Rules of Family Law Procedure do not specify the manner in which the court must issue the findings and conclusions; however, the Idaho Rules of Civil Procedure allow for a court to issue findings of fact and conclusions of law on the record at the close of evidence or through a written opinion or memorandum decision. I.R.C.P. 52. Oral recitation of facts and conclusions of law may offer less insight into judicial reasoning on appeal. *See Roeh v. Roeh*, 113 Idaho 557, 561, 746 P.2d 1016, 1020 (Ct. App. 1987) (specifically addressing a custody decision made orally and off the record). However, it is not necessarily error to issue a custody determination from the bench. *See Nelson*, 144 Idaho at 715, 170 P.3d at 380. Therefore, there is no inherent error in oral pronouncements of child custody determinations, and Lacy has failed to establish error based solely on the fact that the magistrate court entered oral findings.

Lacy also alleges that the magistrate court could not properly consider the complexities of the custody determination in the three days between the trial and the issuance of its decision. However, Lacy provides no legal or substantive basis to support her speculation. Because a party waives an issue on appeal if either argument or authority is lacking, this issue will not be

4

considered. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Even if Lacy had provided argument, the magistrate court indicated that it took notes during the hearing, "weighed the evidence back and forth as to credibility, as to the best interest of the children, and so forth," and that the case had been on its mind "for the last few days as I've drafted up my thoughts, and drafted up my findings." Thus, the record indicates the magistrate court adequately considered the issues, regardless of the fact that the oral decision was pronounced three days after the hearing.

## B. The Magistrate Court's Factual Findings Are Supported by Substantial Evidence

Lacy argues the magistrate court did not make sufficient factual findings that would support granting Weston primary physical custody of the children during the school year. Specifically, Lacy contends the magistrate court erred by failing to make factual findings on all relevant issues, including Weston's educational aptitude, adherence to safety, character, and general stability,[2] as well as Lacy's efforts to ensure the children would have continuity and stability in Nevada. Additionally, Lacy alleges that only four of the magistrate court's factual findings are supportive of Weston receiving primary physical custody of the children during the school year. Finally, Lacy argues the magistrate court incorrectly found that Weston was actively involved in their children's education, specifically parent-teacher conferences and one of the children's Individualized Education Program (IEP).

### 1. The magistrate court did not abuse its discretion by the absence of specific factual findings in its decision

With respect to its factual findings, the trial court is not required to provide a lengthy discussion on every piece of evidence and every specific factual issue involved in the case. *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000). "As a rule, the trial judge is not required to recite every piece of evidence and either adopt it or reject it, or to sort through and discuss the testimony of each witness." *Id.* (quoting MOORE'S FEDERAL PRACTICE 3d, § 52.15[2][b]).

---

[2] Lacy argues that Weston has difficulty reading and therefore cannot adequately support the children's educational needs. Further, Lacy argues that the children may not be safe with Weston; his home is located near a canal and major highways; he had previously left a gun out on two occasions; and he does not always place the children in proper safety restraints in a vehicle. Lacy also contends that the magistrate court should have addressed Weston's previous criminal history, failure to make equity payments for property in the divorce, previous in-town moves, practice of not using a bank account, and unmarried status.

5

Therefore, the fact that a party sincerely contended for a position does not mandate that the trial court must make a finding on that position. *Browning*, 134 Idaho at 14, 995 P.2d at 359. Although a factual finding may be of great concern for a particular party in a custody proceeding, a trial court may determine that it holds little significance. *See King v. King*, 137 Idaho 438, 444, 50 P.3d 453, 459 (2002) (holding that magistrate court did not abuse its discretion in failing to weigh husband's mental illness against awarding him primary physical custody of parties' child in divorce action where substantial and competent evidence in the record indicated the husband's mental illness did not affect his parenting ability).

If a party is concerned about the lack of specific factual findings, the Idaho Rules of Family Law Procedure provide an avenue for a party to request the trial court amend or make additional factual findings by filing a motion no later than fourteen days after entry of the judgment. I.R.F.L.P. 802. Although the sufficiency of the evidence to support the findings may be raised on appeal without raising the issue with the trial court, "[n]o party may assign as error the lack of findings unless the party raised such issue to the trial court by an appropriate motion." I.R.F.L.P. 802.

Here, although the trial court is not required to make factual findings related to every piece of testimony presented at trial, Lacy alleges the magistrate court abused its discretion by not making specific findings of fact related to her testimony concerning Weston's educational aptitude, adherence to safety, character, and other facts concerning his general stability, as well as Lacy's efforts to ensure the children would have continuity and stability in Nevada. However, Lacy never filed a motion with the magistrate court requesting it to amend or make additional findings. Therefore, this issue is not preserved for appellate review. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (holding that, generally, issues not raised below may not be considered for the first time on appeal).

2. **The magistrate court's decision included substantial factual findings that are supportive of Weston**

Lacy contends the magistrate court's factual findings were insufficient, both quantitatively and qualitatively, to support its decision to award primary physical custody to Weston. Lacy alleges only four of the magistrate court's factual findings are supportive of Weston, and Lacy further argues that, pursuant to *Searle v. Searle*, 162 Idaho 839, 405 P.3d 1180 (2017), three of these factual findings were insufficient to constitute findings of fact because they were simply recitations of testimony. In response, Weston argues the magistrate court made

6

sufficient factual findings to support its decision to grant Weston primary physical custody during the school year.

A factual finding is a determination of a fact that is supported by evidence in the record. *Id.* at 846, 405 P.3d at 1187. A statement by the trial court that simply recites portions of the record through language indicating that a party testified, contended or reported a fact to the court, may be evidence a court can use to support a finding of fact but is not a finding of fact itself. *Id.* Therefore, a decision that rests solely upon recitations of testimony, instead of factual determinations, may constitute an abuse of discretion. *See id.*

Additionally, the evidence must support a magistrate court's conclusion that the interests and welfare of the children would be best served by the magistrate court's order. *Nelson*, 144 Idaho at 713, 170 P.3d at 378. "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Christy v. Grasmick Produce*, 162 Idaho 199, 201-02, 395 P.3d 819, 821-22 (2017). Substantial evidence does not require that the evidence be uncontradicted. *SilverWing at Sandpoint, LLC v. Bonner Cnty.*, 164 Idaho 786, 794, 435 P.3d 1106, 1114 (2019). Rather, the evidence need only be of sufficient quantity and probative value that reasonable minds could conclude that the fact finder's conclusion was proper. *Id.*

As in all evidentiary matters, a trial court may determine some factual findings to be more significant than others; therefore, the quantity of factual findings is not a substitute for the quality of evidence or a proxy for the court's thoughtful assessment of the best interests of the child. Here, the magistrate court made sufficient factual findings that supported its decision to award primary physical custody to Weston.

The magistrate court did occasionally indicate that it was reciting testimony in its findings of fact by stating that "there was testimony" to the fact, instead of making a clear factual determination. Assuming without deciding that this constituted error, the record demonstrates the magistrate court made other substantial factual findings that supported awarding Weston primary physical custody, and these findings were not subject to this potential legal flaw. The magistrate court found: Weston finds education important for the children; is involved in the children's schooling, including participation in parent-teacher conferences, assistance with homework, and involvement in an IEP for one of the children; attends the children's medical appointments; has maintained steady employment with the same employer for the past five

7

years; has recently been given a raise; is in a steady relationship with a partner who has a good relationship with the children; lives in an area where the children are surrounded by extended family members; facilitates the children's visitation with extended family members; is involved in providing discipline for the children; and communicates well with Lacy. Significantly, the court also found the children have benefited from a custody schedule that involved the children spending a substantial amount of time with Weston. Therefore, the magistrate court made substantial factual findings that supported granting Weston primary physical custody of the children.

**3. The magistrate court's factual findings were not clearly erroneous**

Finally, Lacy alleges the magistrate court's factual findings related to Weston's involvement in the children's education were not supported by sufficient evidence. Lacy alleges, based on her testimony, the magistrate court should have found that Weston was not actively involved in the children's educational needs, parent-teacher conferences, or the IEP for one of the children.

A magistrate court's findings of fact will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. *Danti v. Danti*, 146 Idaho 929, 934, 204 P.3d 1140, 1145 (2009). When reviewing a magistrate court's findings of fact, this Court views the evidence in favor of the magistrate court's judgment and will uphold the magistrate court's findings even if there is conflicting evidence. *Id*. This Court "will not make credibility determinations or replace the trial court's factual findings by reweighing the evidence." *Id*.

Here, although Lacy alleges that Weston is not actively involved in the children's education, Weston disputed this testimony at trial. Weston testified that he helps the children with homework and attends parent-teacher conferences when he receives notification. Further, Lacy acknowledged that Weston previously attended an IEP meeting when Lacy was out of town and Weston recently attended the meetings on a regular basis. The magistrate court weighed the testimony presented, assessed credibility, and determined that Weston was actively involved in the children's education. Even though there was contradictory testimony about Weston's participation in the children's education, that does not preclude a finding by the magistrate court that Weston was an active participant. *See SilverWing*, 164 Idaho at 794, 435 P.3d at 1114. Although the magistrate court acknowledged that Weston's participation in the IEP may have increased since the change of custody proceedings began, the court stated this correlation was

not a significant issue. It is the magistrate court's role to make credibility determinations, and its finding that Weston was an active participant in the children's education is supported by evidence in the record. These findings will not be disturbed on appeal.

## C. The Magistrate Court Considered the Best Interests of the Children When It Awarded Weston Primary Physical Custody

A court abuses its discretion when there is not sufficient evidence to support the court's finding regarding the best interests of the child. *Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). Lacy alleges the magistrate court abused its discretion by providing nonexistent or insufficient analysis of the statutory factors of I.C. § 32-717. Weston argues the magistrate court properly considered the best interests of the children when making its custody decision, adequately assessed each factor of I.C. § 32-717, and created a custody arrangement that would fulfill the joint custody presumption of I.C. § 32-717B by considering the effect of Weston's employment schedule on his ability to have frequent and continual physical custody of the children for significant periods of time.

When a move would violate an existing custody arrangement, the parent seeking permission to relocate with the child has the burden of proving that the relocation is in the best interest of the child. *Roberts*, 138 Idaho at 405, 64 P.3d at 331. The factors listed in I.C. § 32-717 provide guidance in determining whether relocating is in the best interest of the child. *Bartosz v. Jones*, 146 Idaho 449, 454, 197 P.3d 310, 315 (2008). Idaho Code § 32-717 provides that the trial court shall consider all relevant factors in making this determination, which may include: the parents' wishes for the child's custody; the child's wishes; the interrelationship and interaction of the child with his or her parents and siblings; the extent the child has adjusted to his or her school, home, and community; the circumstances and character of the persons involved; the need to promote continuity and stability in the child's life; and domestic violence. I.C. § 32-717(1)(a)-(g).

Courts have consistently held that the list of factors in I.C. § 32-717 is neither exhaustive nor mandatory. *Bartosz*, 146 Idaho at 454, 197 P.3d at 315; *Peterson v. Peterson*, 153 Idaho 318, 322, 281 P.3d 1096, 1100 (2012). Because trial courts must consider all relevant factors when evaluating the best interest of the child, *see Bartosz*, 146 Idaho at 454, 197 P.3d at 315, while avoiding consideration of irrelevant factors, *see Hoskinson v. Hoskinson*, 139 Idaho 448, 455, 80 P.3d 1049, 1056 (2003), a rigid analytical framework is not appropriate. A "trial court is not asked simply to check off the considerations listed in the statute," but rather is required to

consider the factors that are relevant to the decision. *Nelson*, 144 Idaho at 715, 170 P.3d at 380. Although a child custody case involving relocation may require courts to consider relevant factors outside of those specified by I.C. § 32-717, a preapproved laundry list of factors for relocation cases does not exist. *Markwood v. Markwood*, 152 Idaho 756, 761, 274 P.3d 1271, 1276 (Ct. App. 2012).

When assessing the best interest of the child, the "trial court must avoid assigning too much weight to any particular factor." *Hoskinson*, 139 Idaho at 455, 80 P.3d at 1056. A court abuses its discretion when it overemphasizes any one factor or fails to address all relevant factors. *Markwood*, 152 Idaho at 761, 274 P.3d at 1276. A cursory analysis may constitute an abuse of discretion. *See Searle*, 162 Idaho at 847, 405 P.3d at 1188. However, a trial court need not engage in a detailed analysis of factors that were not supported by evidence nor had little effect in the court's analysis. *Markwood*, 152 Idaho at 761-62, 274 P.3d at 1276-77. Where every other factor is neutral, it is appropriate for the court to base the custody decision on only one factor if that factor is found to weigh in favor of one parent over the other. *Schneider*, 151 Idaho at 425, 258 P.3d at 360.

Here, the magistrate court considered the relevant factors when deciding that granting Weston primary custody would be in the best interests of the children. The magistrate court followed the framework provided by the factors of I.C. § 32-717 in presenting its conclusions of law. Although Lacy alleges that the magistrate court's cursory analysis of some of the factors of I.C. § 32-717 constituted an abuse of discretion, the magistrate court considered each factor to a degree proportionate to the court's assessment of its relevance to the matter presented. For example, because allegations of domestic violence were not present during the trial, the magistrate court found this factor to be inapplicable to its analysis. For factors in which testimony was provided but did not have much significance in the magistrate court's decision, like the expressed wishes of very young children, the court appropriately stated the factor was not relevant to its determination. For factors that had factual support and legal significance but equally favored both Lacy and Weston, like the wishes of each parent and the children's interaction and interrelationship with parents and siblings, the court acknowledged the neutrality of the particular factor in its determination of the best interests of the children.

However, for the statutory factors that the magistrate court determined had factual support, had legal significance, and tended to weigh in favor of a particular custody

10

determination, the court engaged in a more thorough analysis. First, the magistrate court considered the children's adjustment to their home, school, and community finding:

> [T]he Court definitely recognizes that the children are in a healthy spot here, that they have been going to school and, you know, there's hiccups here, just like there are hiccups anywhere. Some of those may include, you know, the children's grades could be increased. There [have] been some behavioral issues with the children. There's been some acrimony at times between the two parents, and so forth.
>
> But in the end, the Court is convinced that the children have a very good relationship and a very good standing in the community that they're currently in, with their school and so forth.

Lacy argues this conclusion of law is not supported by substantial evidence in the record because the magistrate court made no factual findings related to the children's standing or relationship in the community. However, in its findings of fact, the magistrate court found: the children's uncles and cousins live nearby; these extended family members are involved in the children's lives; the children's close bond with their grandparents has been fostered by the significant amount of time the children are able to spend with them; one of the children utilizes local resources, including an IEP, that have provided important academic assistance; and one of the children has been consistently seeing a counselor in the area. These facts support the magistrate court's conclusion that the children have a beneficial relationship with their community.

Second, the magistrate court considered the need to promote continuity and stability in the children's lives. The court acknowledged that the previous custody agreement resulted in the children spending "a little bit" more time with Lacy, and it had been beneficial to the children for Lacy to be a primary custodian. However, it concluded:

> [U]ltimately what it comes down to for me is that I feel that the stability of both [children] will be promoted if the children stay here in this area, have the extended family, have the familiarity with the school that they're in and so forth. I find that the relationship with [Weston] is such that [it] will be helpful and healthy.

Lacy contends that this statement is not supported by substantial evidence in the record. However, as previously discussed, the magistrate court made factual findings related to the children's beneficial relationships with their community that were supported by substantial evidence at trial.

11

Further, the magistrate court recognized that a parent's work schedule may play an important role in the continuity and stability of the children's lives, *see Markwood*, 152 Idaho at 762, 274 P.3d at 1277, and determined that providing a custody arrangement that reflected the realities of the parties' work schedules would be beneficial to the children's best interests. As provided in the testimony, Lacy would not work outside the home if she lived in Nevada while Weston works long hours in the summer but significantly less during the school year. As a result, the magistrate court concluded:

> I also find that based upon the schedules, it makes more sense because both parties agreed that [Weston] generally works a lot more in the summer than he does in the wintertime.
> If the children were to move to Las Vegas and come up here during the summertime, this is a beautiful place to be in the summertime, but it's not that beautiful if you don't have your dad or your mom to spend that time with. And so it makes a lot more sense to me that [Weston] would be involved in the children's lives throughout the school year and that the children would be down in Las Vegas or down in Parumph during the summer and other holidays . . . .

Additionally, Lacy argues the magistrate court's analysis of the continuity and stability factor was largely informed by its own experiences rather than the evidence presented at trial. During its decision, the magistrate court referenced personal childhood experiences, acknowledging the value of economic stability, access to extended family, and continued connection to the community with which the children were familiar. At the end of this colloquy, the magistrate court stated that it "honestly believe[d] that regardless of the way that this decision goes, there is validity to either way that it could be decided." In context, the magistrate court's statements were not conclusions of law or significant parts of the analysis, but rather its attempt to underscore the difficulty of the decision at hand.

Finally, the magistrate court recognized that relocation cases may require an analysis of relevant factors that are not contained within I.C. § 32-717, including: the relocating parent's motive for the move; the impact of the move on the children's relationship with the noncustodial parent and extended family; the children's attachment to both parents; the extent to which the move would enhance the economic, emotional, and educational well-being of the parents and children; and the quality of the children's lifestyle if the relocation was allowed or denied. However, the magistrate court recognized that many of these factors were either neutral, difficult to assess, or would require speculation that was not supported by the record.

12

Lacy further contends the magistrate court did not analyze the statutory factors correctly because the court did not address various specific pieces of testimony presented at trial, like Weston's reading ability, failure to comply with a term of the divorce decree, and a previous criminal charge. However, the magistrate court did not include these assertions in its conclusions of law because it did not make any related factual findings pursuant to these pieces of testimony. On appeal, Lacy may not assign error to the lack of specific factual findings without first filing a motion in the magistrate court to reconsider the factual findings. *See* I.R.F.L.P. 802.

Finally, Lacy stresses the magistrate court failed to take educational considerations into account when making its decision, specifically Weston's reading abilities. Although Lacy waived consideration of Weston's reading abilities on appeal by not requesting the magistrate court amend its factual findings, it is important to note the magistrate court did consider how its custody determination would impact the children's education. The magistrate court found that both parents find education important for the children and that both parents were involved in the "routine stuff" like doing homework and "school things." It further found Weston was actively involved in the children's educational pursuits, including helping with homework; the children would be in a "helpful and healthy" environment with Weston during the school year; and the community provided resources for one of the children that was helping scholastically. The magistrate court also considered the extent to which the move would enhance the children's educational well-being and determined that, at least for the older child, the move would affect him more negatively than the younger child. These factual findings have support in the record. Thus, the magistrate court took educational considerations into account when making its child custody determination.

The magistrate court recognized the decision to modify the custody order as one of discretion and properly considered the relevant statutory and nonstatutory factors in assessing the best interests of the children.

D.    **Neither Party Is Entitled to Attorney's Fees**

Both Lacy and Weston request attorney fees on appeal pursuant to I.C. § 12-121. This Court will not award attorney fees "if the losing party brought the appeal in good faith and presented a genuine issue of law." *Clearwater REI, LLC v. Boling*, 155 Idaho 954, 962, 318 P.3d 944, 952 (2014). In normal circumstances, this Court will only award attorney fees if we are left

13

with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Id.*

We determine Weston is not entitled to attorney fees in this case. Lacy brought the appeal based on a good faith belief that the magistrate court abused its discretion regarding a custody modification. Therefore, the appeal was not pursued frivolously, unreasonably, or without foundation, and no attorney fees will be awarded.

## IV.

## CONCLUSION

The magistrate court recognized the decision to modify the custody order as one of discretion, properly considered the relevant statutory and nonstatutory factors in assessing the best interests of the children. Additionally, the magistrate court's findings of fact were supported by substantial evidence. Because the court did not abuse its discretion, the judgment is affirmed. Costs on appeal are awarded to Weston.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.