# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 37740

DENNIS B. CURRENT,

    Claimant-Appellant,

v.

HADDONS FENCING, INC. and
ADVANTAGE EMPLOYMENT
SOLUTIONS, Employers and IDAHO
DEPARTMENT OF LABOR,

    Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Twin Falls, November 2011

2011 Opinion No. 129

Filed: December 8, 2011

Stephen W. Kenyon, Clerk

Appeal from the Industrial Commission of the State of Idaho.

Decision of Industrial Commission denying unemployment benefits, <u>affirmed.</u>

Faler Law Office, PLLC, Idaho Falls, for appellant. William D. Faler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents. Tracey K. Rolfsen, Deputy Attorney General argued

---

BURDICK, Chief Justice

    This case comes before this Court on an appeal by Dennis B. Current (Current) from the Idaho Industrial Commission's (Commission) denial of unemployment benefits. Current argues that the Commission erred in finding that he willfully made a false statement and in failing to call one of his witnesses. The Department of Labor (the Department) argues the Commission's findings are supported by substantial and competent evidence and should be upheld.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Current worked for Haddons Fencing, Inc. (Haddons Fencing) as a shop foreman from June 10, 2008, until September 12, 2009. On September 12, 2009, Current, concerned with reduced hours, discussed his employment status with Jan McLaughlin (Jan), the owner of Haddons Fencing. Current asked for either a raise or guaranteed hours. Jan responded that she could offer neither. According to Jan, Current then requested that he be laid off, so that he could collect unemployment benefits. Jan refused the request, and told Current to turn in his keys if he wanted to quit. Soon after, Current turned in his keys and corporate credit card. In the same time frame, Current arranged to work the harvest for Wada Farms. He agreed to the job on September 8, 2009, and was scheduled to start on September 15, 2009.

On September 14, 2009, Current electronically filed a claim with the Department for unemployment benefits. The online application provides several options to describe a claimant's separation from employment. Current chose "lack of work / laid off" over other options, including "quit."[1] Haddons Fencing reported to the Department that Current had quit. Department employees Gary Townsend (Townsend) and Bridgette Kerley (Kerley) investigated the inconsistency. In discussions with Current, Townsend and Kerley explained the distinction between the reasons for separation.[2] Current stood by his decision to mark "lack of work / laid off" because he felt his hours had been curtailed.

The Department issued two eligibility determinations. The first decision held that Current "did not provide accurate separation information in an attempt to obtain benefits to which he was not entitled." The second decision held that Current is ineligible for benefits because he "has not established the situation was of such proportion that he had no alternative but to quit." Current then asked for a hearing, which was scheduled for November 9, 2009, and took place on November 16, 2009. In his reason for this first appeal, Current stated that he had

---

[1] The online system allows an applicant to choose only one option. Current testified that he tried to choose both "quit" and "lack of work / laid off" because he quit due to lack of work.

[2] From Kerley's notes on the September 21, 2009 discussion with Current:

> When filing his claim Mr. Current selected that he was "Laid off Due To Lack of Work." When I asked him why he had chosen this option instead of the "Quit" option, he was persistent about the issue that the only reason that he had quit was because he wasn't getting his forty hours per week because there was a lack of work. . . . I pointed out to Mr. Current that he had been filing claims for a number of years and that he knew the difference between Quitting vs. being Laid off. I also reminded him that when he filed his claim, he had the opportunity to speak with one of our consultants . . . once again [Current] stated that he was laid off due to lack of work.

to find full time employment to meet his financial responsibilities. Appeals Examiner Janet Hardy (Examiner) conducted the hearing and affirmed the denial of benefits, finding that Current willfully made a false statement. "[Current] quit this employment for personal reasons. Thus, this separation was not for good cause in connection with the employment." Current timely asked for an appeal of the decision to the Commission.

On January 29, 2010, the Commission affirmed the findings of the Examiner. The Commission determined that Current was not deprived of due process, and that it will only consider evidence in the record established by the Examiner. In its decision, the Commission held that Current did not take any steps to admit new evidence or to request that the hearing be reopened. Current moved for reconsideration, and the Commission denied his request on April 29, 2010. Current timely appealed to this Court on May 28, 2010. On June 22, 2010, Current filed an Amended Notice of Appeal to this Court.

## II. ISSUES ON APPEAL

Current raises the following issues on appeal:

1. Is there substantial evidence to support the hearing officer's determination that Current willfully made a false statement when he filed for unemployment benefits?

2. Was Current denied a fair hearing by the failure of the hearing officer to [contact] one of Current's witnesses?

## III. STANDARD OF REVIEW

This Court exercises free review over questions of law when it reviews a decision of the Industrial Commission. *Buckham v. Idaho Elk's Rehabilitation Hosp.*, 141 Idaho 338, 340, 109 P.3d 726, 728 (2005). "Whether a claimant voluntarily quit a job for good cause in connection with the employment is a question of fact to be determined by the Industrial Commission." *Ewins v. Allied Sec.*, 138 Idaho 343, 347, 63 P.3d 469, 473 (2003). Evidence that is substantial and competent is relevant evidence "that a reasonable mind might accept to support a conclusion." *Buckham*, 141 Idaho at 340, 109 P.3d at 728. Only Commission conclusions that are clearly erroneous regarding credibility and weight of evidence will be disturbed on appeal. *Id.* This Court will not consider re-weighing the evidence or whether it would have drawn different conclusions from the evidence presented. *Id.* All facts and inferences will be viewed by this Court in a light most favorable to the prevailing party before the Commission. *Ginther v. Boise Cascade Corp.,* 150 Idaho 143, __, 244 P.3d 1229, 1233 (2010).

3

## IV. ANALYSIS

**A. There is substantial and competent evidence in the record to support the Commission's findings and conclusion that Current willfully made a false statement or willfully failed to report a material fact while claiming benefits.**

Current argues that the Commission erred when it determined that he made a false statement when applying for benefits. Current argues that his statement was mistaken but not willfully false. In response, the Department argues that the Commission had substantial and competent evidence to support the finding of a willfully made false statement in violation of I.C. § 72-1366(12).

Idaho Code § 72-1366(12) states, *inter alia*, that:

A claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits. The period of disqualification shall commence the week the determination is issued . . . .

It is first necessary to determine whether the Commission's finding of a willful false statement is supported by substantial and competent evidence. A fact is material "if it is relevant to the determination of a claimant's right to benefits; it need not actually affect the outcome of the determination." *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 760, 589 P.2d 89, 95 (1979). Willful "implies simply a purpose or willingness to commit the act or make the omission referred to. It does not require any intent to violate law . . . ." *Id*. at 761, 589 P.2d at 96. However, willfulness does not include accidental omissions due to "negligence, misunderstanding or other cause." *Id*.

Current repeatedly told Department employees that he had quit due to reduced hours. In these discussions, the Department employees, Townsend and Kerley, tried to explain the departmental distinction between the reasons for separation. Although he selected "lack of work / laid off," Current represented to Townsend and Kerley that he had quit due to lack of work, never stating that he was laid off. After these conversations, Current made no attempt to amend his initial filing. The Examiner determined by a preponderance of the evidence that Current's misstatement was willful and material. On appeal, the Commission discussed the misstatement in detail, reaffirming that it was material and willfully false.

[I]n this case the evidence is adequate to establish that [Current] knew or should have known that 'quit' was the correct response to the question seeking information about why he was no longer working for Employer. [Current] was an experienced filer who knew or should have known the distinctions between 'quit',

4

'lack of work / laid off' and 'discharged'. . . . Along those lines, telling [Jan] that he wanted her to lay him off indicated that [Current] knew there was a functional difference between being laid off for lack of work and quitting for lack of enough work.

Here, Current argues that he was mistaken when he made his initial selection, a mistake he tried to remedy in subsequent interactions with Department employees. In *Meyer*, this Court held that the "factfinder may consider the claimant's explanation unworthy of belief." 99 Idaho at 762, 589 P.2d at 97. This Court affirms the Commission's conclusions on the willfully made false statement because they are reasonably drawn from substantial and competent evidence and not clearly erroneous.

## B. The appeals examiner did not err when she declined to contact one of Current's witnesses.

Current arranged for two witnesses, Kerley and Robin, to speak on his behalf at the originally scheduled hearing on November 9, 2009. At the rescheduled hearing on November 16, 2009, only Kerley was called as a witness. Current argues that the appeals examiner erred by not calling Robin as a witness, and this error denied Current the opportunity to meet his burden of proof. The Department argues that Current did not arrange for Robin to testify and that his description of Robin's testimony gave the impression that it lacked relevance. Current requests a new hearing so that Robin's testimony may be included.

Under the administrative rules of the Department, the Examiner "may exclude evidence that is irrelevant, unduly repetitious, or excludable on constitutional or statutory grounds, or on the basis of any evidentiary privilege provided by statute or recognized in the courts of this state." IDAPA 09.01.06.026.13. The Commission and the Examiner have the discretion to admit or exclude evidence that it deems irrelevant. *See Higgins v. Larry Miller Subaru-Mitsubishi*, 145 Idaho 1, 5, 175 P.3d 163, 167 (2007).

> To determine whether there is an abuse of discretion this Court considers whether (1) the court correctly perceived the issue as one of discretion; (2) the court acted within the boundaries of such discretion and consistently with legal standards applicable to specific choices; and (3) the court reached its decision by an exercise of reason.

*Lee v. Nickerson*, 146 Idaho 5, 9, 189 P.3d 467, 471 (2008).

The hearing transcript contains little mention of Robin or the testimony she was expected to contribute.

> Examiner Hardy: All right. Mr. Current, you want me to call Robin. What is she going to testify to?
> Mr. Current: Oh, basically, I had filed a complaint about some paraphrasing and omission of evidence that had occurred.
> Examiner Hardy: Okay. And I'm not hearing that complaint. That issue is not before me.
> Mr. Current: Right. But it's part of the evidence that's in here and that's fine, that's – – well —
> Examiner Hardy: Well, did you make arrangements with her to testify today?
> Mr. Current: No.

Based on that exchange, the Examiner determined that Robin would not contribute relevant evidence to the matter at issue. This decision was affirmed by the Commission.

> Examiners have latitude in determining the relevance and necessity of testimony. [Current] had not made arrangements with Robin for her testimony and when asked what her testimony would include [Current] referred to a complaint he filed, presumably with the [Department]. The [Examiner] correctly noted that the hearing would only be addressing the issues as set forth in the notice of hearing. Thus, Robin's testimony was not necessary and [Current] was given a full opportunity to present his case.

After the Commission's decision, Current argued in his request for reconsideration that the Examiner, against Current's wishes, made no attempt to contact Robin. In his May 28, 2010 Written Request for Appeal to Supreme Court Idaho and Notification of Pro Se, Current outlines his objection in greater detail.

> The issues in the notice of hearing had relevant testimony from Robin and I was not given full oportunity [sic] to present my case without testimony from Robin. The complaint stated that there were ommissions [sic] and paraphrasing by Gary Townsend as to good cause. I was not permited [sic] my witness to confirm my quit due to illness caused by welding galvanized pipe in the manufacture of the gates in my position as shop foreman. This was omitted by Gary Townsend from our interview.

The referenced complaint appears in the record two other times.[3] First, the hearing exhibits contained an October 8, 2009 letter from Current to Mary Davis, the manager of the Blackfoot job service center. This letter is the complaint alluded to in the request for appeal, and alleges that Townsend maliciously omitted facts from the claim documentation. However, the letter also states that "with the help of another employee with ethics, this [omitted information] has been made part of the documentation as it is factual and perternat [sic] to my claim."

---

[3] However, this is Current's first mention of illness in connection to Robin's testimony, and only his second mention of work related illness in the record. The first mention of illness was in his appeal to the Commission. In the hearing transcript, Current makes no reference to work related illness or that Robin will testify about such an illness.

Secondly, in the initial hearing excerpt quoted above, Current tells the Examiner that he filed a complaint pertaining to factual omissions by Department employees, and that Robin was to testify about this complaint.

The Examiner has the discretion to exclude evidence that is deemed irrelevant. Given the information in the exhibits and Current's answers, the Examiner determined that Robin's testimony was not pertinent to the hearing. We find that the Examiner did not abuse her discretion in refusing to contact the witness.

## V. CONCLUSION

This Court finds that there was substantial and competent evidence to support the Commission's finding that Current willfully made a false statement. We also find that the hearing officer did not abuse her discretion in finding that one of Current's witnesses would not provide relevant testimony. Costs to Commission.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**