**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 47845**

| | | |
|---|---|---|
| **DOUGLAS M. WAITE,** | ) | |
| | ) | |
| **Claimant-Appellant,** | ) | |
| | ) | **Boise, May 2021 Term** |
| **v.** | ) | |
| | ) | **Opinion Filed: July 19, 2021** |
| **MOTO ONE KTM, L.L.C., Employer; and** | ) | |
| **IDAHO DEPARTMENT OF LABOR,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Respondents.** | ) | |
| _____ | ) | |

Appeal from the Idaho Industrial Commission.

The decision of the Idaho Industrial Commission is <u>affirmed</u>.

McConnell Wagner Sykes & Stacey, PLLC, Boise, for appellant. Chad M. Nicholson argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent Idaho Department of Labor. M. Scott Keim argued.

_____

BRODY, Justice.

Douglas M. Waite appeals from an Idaho Industrial Commission ("Commission") decision requiring him to repay unemployment benefits he received, along with interest and penalties. Waite asserts the Commission's determination that he willfully misstated a material fact for the purpose of obtaining unemployment benefits is not supported by substantial and competent evidence and is incorrect as a matter of law. Additionally, Waite argues the Commission erred, as a matter of law, when it concluded that Idaho Code section 72-1366(12) requires him to repay the unemployment benefits he received. Waite timely appealed to this Court. For the reasons set forth below, we affirm the Commission's decision and order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Waite was employed by Moto One KTM, L.L.C., ("Moto One") for 16 months. During

1

that time, a co-worker ignited a firecracker near Waite, resulting in an injury to his ears. Waite took time off to recuperate, but he returned to work several days later. After he returned to work, the situation between Waite and the co-worker deteriorated. According to Waite, the co-worker would intentionally play loud music, make loud noises, slam papers, and speak loudly. Waite informed the co-worker that he was sensitive to loud noises due to the injury to his ears, and that the co-worker's actions were aggravating the problem. Waite also addressed his concerns with Andy Wilch, the owner of Moto One. Nevertheless, the situation between Waite and the co-worker did not improve.

A few weeks later, the co-worker allegedly shouted "good morning" to Waite, knowing that Waite was sensitive to loud noises. In response, Waite shoved the co-worker. Waite and the co-worker also yelled at each other, and a physical altercation ensued, which disrupted the workplace. Consequently, the police were called and a police report was generated. After investigating the incident between Waite and the co-worker, Wilch informed Waite that "he cannot get in fights at work, and that he cannot work for him anymore." Waite asserts that Wilch advised him to apply for unemployment benefits and report a lack of work as the reason for his separation.

When Waite filed his application for unemployment benefits, he reported "layoff due to lack of work" as the reason for his separation. Moto One notified the Department of Labor ("Department") four months later, however, that Waite had been discharged for cause. Moreover, Moto One provided supporting documentation that included a police report indicating Waite was involved in a physical altercation with his co-worker. Moto One also provided a copy of a charge of discrimination that Waite had filed with the Idaho Human Rights Commission, in which Waite stated several times that his employment with Moto One was terminated. For example, Waite stated: "I was discriminated against because of my disability, was subjected to a hostile work environment based on my disability, and in retaliation for requesting accommodations. As a result, my employment was wrongfully terminated." Similar language is used elsewhere in the charge of discrimination.

Waite contends that, at the time of his separation, he understood that Moto One was laying him off to give him time to "reset" and recuperate from the injury to his ears. The owner of Moto One informed the Department, however, that Waite had been discharged for engaging in a physical altercation with a co-worker. After conducting an investigation, the Department issued an eligibility determination denying benefits. The Department also issued an overpayment

2

determination identifying a $6,987.00 overpayment and a $1,746.75 penalty.

Waite appealed the eligibility and overpayment determinations to the Department's Appeals Bureau. The appeals examiner determined, *inter alia*, that Waite: (1) was discharged for employment-related misconduct; (2) "willfully made false statements or willfully failed to report material facts in order to receive unemployment benefits"; and (3) must repay the benefits to which he was not entitled.

Waite timely appealed to the Commission, which issued a decision and order. First, the Commission determined that Waite had been discharged by Moto One for engaging in a physical altercation with a co-worker. The Commission also determined, however, that Moto One failed to show that Waite had engaged in employment-related misconduct. Thus, the Commission concluded that Waite was eligible for unemployment benefits as a result of his separation. Next, the Commission concluded that Waite "willfully misstated a material fact for the purpose of obtaining unemployment benefits when he misreported the reason for his separation." Finally, the Commission concluded that, because Waite willfully misstated a material fact for the purpose of obtaining benefits, he must repay the unemployment benefits he received, along with interest and penalties.

Waite filed a request for reconsideration, arguing the Commission erred when it concluded: (1) he willfully misstated a material fact for the purpose of obtaining unemployment benefits; and (2) he must repay the benefits he received, as well as a penalty. The Commission rejected Waite's arguments and issued an order denying his request. Waite timely appealed to this Court.

## II.    STANDARD OF REVIEW

"This Court upholds decisions of the Industrial Commission unless (1) the Commission has acted without jurisdiction or in excess of its powers; (2) the Commission's findings of fact are not based on substantial and competent evidence; (3) the findings of fact, order or award were procured by fraud; (4) as a matter of law, the findings of fact do not support the order or award." *Wittkopf v. Stewart's Firefighter Food Catering, Inc.*, ___ Idaho ___, ___, 481 P.3d 751, 754 (2021) (quoting *Locker v. How Soel, Inc.*, 151 Idaho 696, 699, 263 P.3d 750, 753 (2011)). "When this Court reviews a decision from the Industrial Commission, we exercise free review over questions of law, but review questions of fact only to determine whether the Commission's findings are supported by substantial and competent evidence." *Woolley v. Bridge St., Inc.*, 166 Idaho 559, ___, 462 P.3d 87, 90 (2020) (quoting *Current v. Wada Farms P'ship*, 162 Idaho 894,

898, 407 P.3d 208, 212 (2017)). "Substantial evidence is more than a scintilla of proof, but less than a preponderance. It is relevant evidence that a reasonable mind might accept to support a conclusion." *Christy v. Grasmick Produce*, 162 Idaho 199, 201–02, 395 P.3d 819, 821–22 (2017) (quoting *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000)). "Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous." *Ehrlich v. DelRay Maughan, M.D., P.L.L.C.*, 165 Idaho 80, 83, 438 P.3d 777, 780 (2019) (quoting *Christy*, 162 Idaho at 201, 395 P.3d at 821). All facts and inferences are viewed in a light most favorable to the party who prevailed before the Commission. *Woolley*, 166 Idaho at ___, 462 P.3d at 90 (quoting *Ehrlich*, 165 Idaho at 83, 438 P.3d at 780).

## III. ANALYSIS

### A. The Commission's determination that Waite willfully made a false statement in order to obtain unemployment benefits is supported by substantial and competent evidence.

Waite asserts the Commission's determination that he willfully misrepresented a material fact for the purpose of obtaining unemployment benefits is not supported by substantial and competent evidence. He contends that any misstatement he made was not willful because he merely misunderstood the answer choices that were available on the application for unemployment benefits: "Waite had not been told that he had been 'Fired.' Therefore, Waite's (arguably mistaken) belief that the 'Fired/Discharged' [answer choice] was inapplicable to his situation left Waite with just one choice: 'Layoff Due to Lack of Work.' " Consequently, Waite asserts the evidence supports only a finding that he selected "layoff due to lack of work" because of a misunderstanding. We disagree.

"The term 'willfully' refers to those claimants who 'purposely, intentionally, consciously, or knowingly fail to report a material fact [or make a false statement], not those whose omission [or false statement] is accidental because of negligence, misunderstanding or other cause.' " *Bringman v. New Albertsons, Inc.*, 157 Idaho 71, 76, 334 P.3d 262, 267 (2014) (alterations in original) (quoting *Cox v. Hollow Leg Pub & Brewery*, 144 Idaho 154, 157, 158 P.3d 930, 933 (2007)). Willfulness does not require an intent to violate the law. *Id.*

When this Court reviews a question of fact, it must determine whether there is substantial and competent evidence to support the Commission's findings. *Wittkopf v. Stewart's Firefighter Food Catering, Inc.*, ___ Idaho ___, ___, 481 P.3d 751, 754 (2021) (quoting *Locker v. How Soel,*

4

*Inc.*, 151 Idaho 696, 699, 263 P.3d 750, 753 (2011)). "Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion." *Id.* This Court will not disturb the Commission's conclusions concerning the credibility and weight of the evidence unless they are clearly erroneous. *Id.*

Here, the Commission concluded that Waite willfully made a false statement when he reported he was laid off due to a lack of work. The Commission summarized its reasoning as follows:

> [Waite] reported that he was laid off due to lack of work rather than discharged. [Waite] explained that he believed he was laid off due to a lack of work because [Moto One] would not be accommodating his noise sensitivity disability. The Commission was not persuaded by this testimony and did not find other evidence that [Moto One] was contemplating [Waite's] separation prior to his altercation with his co-worker, and this timeline supports [Moto One's] version of events. Because [Waite] has not provided evidence that corroborates his version of events, it follows that [Waite] should not have reported he was laid off due to lack of work.

The Commission's conclusion that Waite willfully made a false statement in order to obtain unemployment benefits is supported by substantial and competent evidence. That evidence includes a police report indicating that Waite engaged in a physical altercation with a co-worker shortly before his separation. After investigating the altercation, the owner of Moto One informed Waite that "he cannot get in fights at work, and that he cannot work for him anymore." These facts support the Commission's conclusion that Waite was discharged for engaging in a physical altercation with his co-worker. Additionally, Waite subsequently filed a charge of discrimination with the Idaho Human Rights Commission and expressly stated that Moto One had terminated his employment. This fact also supports the Commission's conclusion that Waite was discharged—as opposed to being laid off due to a lack of work. This fact also calls into question Waite's veracity. That is a question for the finder of fact, of course, but Waite's contradictory statements to the Department and the Idaho Human Rights Commission are concerning.

Waite maintains that he believed Moto One had laid him off to give him time to "reset" and care for his ears. The Commission did not find Waite's testimony persuasive, however, noting there was no evidence to suggest Moto One was contemplating the possibility of laying off Waite prior to the physical altercation with the co-worker. Moreover, Waite did not provide evidence to corroborate his version of events.

As this Court has stated, "willfulness is found where a claimant 'was properly informed of his reporting obligation and his alleged misunderstanding lacked credibility.' " *Current v. Wada*

5

*Farms P'ship*, 162 Idaho 894, 899, 407 P.3d 208, 213 (2017) (quoting *Bringman*, 157 Idaho at 77, 334 P.3d at 268). Here, Waite was informed of his obligations and responsibilities when he applied for unemployment benefits, including his obligation to accurately report the reason for his separation from employment. Further, the Commission found that Waite's explanation for the false statement on his application was not persuasive or credible.

In sum, there is substantial and competent evidence to support the Commission's determination that Waite willfully made a false statement when he reported he was laid off due to a lack of work. The Commission's conclusions concerning the credibility and weight of the evidence are not clearly erroneous. Thus, we affirm the Commission's determination.

**B. The Commission did not err when it concluded as a matter of law that Waite willfully made a false statement in order to obtain unemployment benefits.**

Waite asserts the Commission erred, as a matter of law, when it concluded he misstated a material fact for the purpose of obtaining unemployment benefits. Waite argues that his selection of "lay off due to lack of work" instead of "fired/discharged" on his application for unemployment benefits was immaterial because, under either scenario, he would merely need to show that Moto One made the decision to end his employment. Even if Waite had selected "fired/discharged" on his application, he would have been eligible for unemployment benefits unless Moto One could have demonstrated that Waite was discharged for employment-related misconduct. Therefore, Waite argues that his statement indicating he was laid off due to a lack of work was not a material fact, and the Commission erred when it ruled otherwise. We disagree.

A claimant for unemployment benefits must provide "all necessary information pertinent to eligibility." I.C. § 72–1366(1). Further, a claimant is not entitled to unemployment benefits if "he was discharged for misconduct in connection with his employment." I.C. § 72-1366(5). Under Idaho Code section 72-1366(12), "[a] claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits." Moreover, "the claimant shall also . . . repay any sums received for any week for which the claimant received . . . benefits as a result of having willfully made a false statement or willfully failed to report a material fact." I.C. § 72-1366(12). "A fact is material 'if it is relevant to the determination of a claimant's right to benefits; it need not actually affect the outcome of the determination.' " *Current v. Haddons Fencing, Inc.*, 152 Idaho 10, 13, 266 P.3d 485, 488 (2011) (quoting *Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 760, 589 P.2d 89, 95 (1979)). "[T]he test for materiality is relevance." *Bringman v. New*

6

*Albertsons, Inc.*, 157 Idaho 71, 75, 334 P.3d 262, 266 (2014).

Here, Waite was required to report the reason for his separation on his application for unemployment benefits. There were two relevant answer choices available to Waite. The first choice stated: "Fired/Discharged – The employer decided to end the employment relationship, terminate, or dismiss you." The second choice stated: "Layoff Due to Lack of Work – Your employer has no work available to you. This could be in the form of a seasonal slowdown, furlough, reduction in force, business closure, downsizing, or when a temporary job ends." Waite reported he was laid off due to a lack of work. This fact, as reported by Waite, was relevant to the Department's initial determination of Waite's eligibility for unemployment benefits. Stated differently, the Department relied on this fact when it approved Waite's unemployment benefits. If Waite had reported "Fired/Discharged" on his application for unemployment benefits—instead of "Layoff Due to Lack of Work"—the Department would have evaluated the circumstances surrounding Waite's discharge prior to approving his application for benefits. It is possible the end result would have been the same, but the circumstances surrounding Waite's discharge were undoubtedly relevant to the Department's determination concerning Waite's right to unemployment benefits. That information was necessary, for example, for the Department to determine whether Waite was discharged for employment-related misconduct. *See* I.C. § 72-1366(5).

Waite argues, in essence, that his false statement was not material because it did not ultimately affect his eligibility for benefits. Even if Waite's false statement did not ultimately affect his eligibility for benefits, however, that does not alter our analysis. As this Court has stated, a material fact need not affect the outcome of an eligibility determination. *Current*, 152 Idaho at 13, 266 P.3d at 488. A claimant may not misstate or withhold information even if an accurate and full disclosure of the facts would not affect the claimant's right to receive unemployment benefits. *Meyer*, 99 Idaho at 760, 589 P.2d at 95 (citation omitted). "The [Department] should be able to assume that benefit claimants are reporting all the information solicited from them fully and accurately. A complete and unqualified disclosure can best be promoted by defining materiality to include any information that is relevant to the determination of a claimant's right to benefits." *Id.* Therefore, the definition of materiality is broadly inclusive. *Bringman*, 157 Idaho at 76, 334 P.3d at 267.

Because the reason for Waite's separation was relevant to the Department's initial

7

determination concerning his right to unemployment benefits, his false statement concerns a material fact. *See Current*, 152 Idaho at 13, 266 P.3d at 488. Therefore, we hold that the Commission did not err as a matter of law when it concluded that Waite "willfully misstated a material fact for the purpose of obtaining unemployment benefits when he misrepresented the reason for his separation."

**C. The Commission did not err when it concluded as a matter of law that Idaho Code section 72-1366(12) requires Waite to repay the unemployment benefits he received**.

Waite asserts the Commission's conclusion that Idaho Code section 72-1366(12) mandates the repayment of the unemployment benefits he received is incorrect as a matter of law. Waite contends that "[t]he plain language of § 72-1366(12) demonstrates that the intent of the Legislature was to 'penalize' those who willfully make a false statement with a fifty-two (52) week period of ineligibility but that repayment of benefits is require [sic] where it is determined that the benefits were paid to a claimant because of the false statement or failure to report." Waite argues that he did not receive unemployment benefits as a result of his false statement. Therefore, he asserts that the repayment requirement in Idaho Code section 72-1366(12) is inapplicable:

> In this case, even if it is determined that (1) Waite willfully made a false statement and (2) the false statement was with respect to a material fact, Waite did not receive benefits **as a result of** the statement. . . . [T]he undisputed evidence before the Commission was that the decision to end Waite's employment was made by Moto One. If the termination had been deemed a layoff, Waite was entitled to receive benefits. If the termination had been deemed a discharge, Waite was entitled to benefits unless Moto One carried its burden of establishing that the discharge was for misconduct.

(Emphasis in original.) Since Moto One did not carry its burden of demonstrating Waite's discharge was for employment-related misconduct, Waite argues he "did not receive benefits as a result of the misstatement, [and] Idaho Code § 72-1366(12) does not mandate repayment of the benefits."

As discussed above, Idaho Code section 72-1366 requires a claimant to repay unemployment benefits received as a result of a false statement that was willfully made by the claimant to the Department:

> A claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits. The period of disqualification shall commence the week the determination is issued. The claimant shall also be ineligible for waiting week credit and shall repay any sums received

8

for any week for which the claimant received waiting week credit or benefits as a result of having willfully made a false statement or willfully failed to report a material fact. The claimant shall also be ineligible for waiting week credit or benefits for any week in which he owes the department an overpayment, civil penalty, or interest resulting from a determination that he willfully made a false statement or willfully failed to report a material fact.

I.C. § 72-1366(12).

"The interpretation of a statute is a question of law over which this Court exercises free review." *Boyd-Davis v. Macomber Law, PLLC*, 157 Idaho 949, 952, 342 P.3d 661, 664 (2015) (quoting *Williams v. Blue Cross of Idaho*, 151 Idaho 515, 521, 260 P.3d 1186, 1192 (2011)). "When interpreting a statute, the Court begins with the literal words of the statute, and where the language of a statute is plain and unambiguous, the Court gives effect to the statute as written, without engaging in statutory construction." *Id.* "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)).

Waite argues, in essence, that the third sentence of Idaho Code section 72-1366(12) ("The claimant shall also be ineligible for waiting week credit and shall repay any sums received for any week for which the claimant received waiting week credit or benefits as a result of having willfully made a false statement or willfully failed to report a material fact.") constitutes a separate penalty that is unconnected to the penalty delineated in the first sentence of the statute ("A claimant shall not be entitled to benefits for a period of fifty-two (52) weeks if it is determined that he has willfully made a false statement or willfully failed to report a material fact in order to obtain benefits."). Waite does not dispute that he is not entitled to unemployment benefits for a period of 52 weeks if he willfully made a false statement or willfully failed to report a material fact in order to obtain benefits. He argues, however, that the repayment penalty set forth in the third sentence of Idaho Code section 72-1366(12) is inapplicable because he did not receive unemployment benefits "as a result of" his false statement. We disagree.

First, we note that the third sentence of Idaho Code section 72-1366(12) begins by stating: "The claimant shall *also* . . . repay any sums received . . . ." (Emphasis added.) Thus, this sentence is expressly linked to the first two sentences of the statute. If a claimant willfully makes a false statement or willfully fails to report a material fact in order to obtain benefits, he is not eligible for benefits for 52 weeks and, *also*, must repay any benefits received. I.C. § 72-1366(12). In other

9

words, the statute must be read as a whole. *See Ada Cnty. Highway Dist. v. Brooke View, Inc.*, 162 Idaho 138, 142, 395 P.3d 357, 361 (2017) ("This Court considers the statute as a whole . . . ."). When viewed in that light, Waite's argument that the third sentence of Idaho Code section 72-1366(12) is unconnected to the first part of the statute is unpersuasive.

Second, even if the third sentence of Idaho Code section 72-1366(12) is viewed in isolation, Waite's argument that he did not receive unemployment benefits "as a result of" his false statement is unavailing. As this Court recently explained, the meaning of the phrase "as a result of" is not always clear. *Schoeffel v. Thorne Rsch., Inc.*, 167 Idaho 633, ___, 474 P.3d 705, 709 (2020) (stating that reasonable minds may differ about the meaning of the phrase in some instances). "There are several different kinds of causation, so there are several different ways that this phrase could be interpreted." *Id.* (citing *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833 (2018)). Therefore, courts look to the context of the statute to determine the type of causation required. *Husted*, 138 S. Ct. at 1842 (citing *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 265–268 (1992)). Here, the meaning of the phrase "as a result of" in Idaho Code section 72-1366(12) is plain and unambiguous based on the context of the statute. The phrase "as a result of" is simply another way of saying "because of." *Cf. Husted*, 138 S. Ct. at 1842 (quoting Christine Ammer, *American Heritage Dictionary of Idioms* 67 (2d ed. 2013)) (stating the phrase "by reason of" is a formal way of saying "because of"). Because the meaning of the phrase "as a result of" in Idaho Code section 72-1366(12) is plain and unambiguous, this Court is compelled to follow the statute as written. *Verska*, 151 Idaho at 893, 265 P.3d at 506.

Here, Waite willfully made a false statement on his application for unemployment benefits when he indicated he was laid off due to a lack of work. Moreover, the Department relied on Waite's false statement when it initially approved his application for unemployment benefits. Stated differently, the Department approved Waite's application for unemployment benefits because of his false statement. As the Commission noted, Waite's "overpayment in this case was the result of a false statement or failure to report a material fact." The fact that Waite may have qualified for unemployment benefits if he had reported "fired/discharged" as the reason for his separation does not alter the analysis under Idaho Code section 72-1366(12). That observation does not change the fact that the Department initially approved Waite's application for unemployment benefits as a result of his false statement. Thus, under Idaho Code section 72-1366(12), Waite must "repay any sums received for any week for which [he] received . . . benefits

10

as a result of having willfully made a false statement . . . ." Accordingly, we hold that the Commission did not err when it concluded as a matter of law that Idaho Code section 72-1366(12) requires Waite to repay the unemployment benefits he received.

## IV.    CONCLUSION

Based on the foregoing, we affirm the Commission's decision and order. Costs on appeal are awarded to the Department pursuant to Idaho Appellate Rule 40.

Chief Justice BEVAN, and Justices BURDICK, STEGNER, and MOELLER CONCUR.