# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49704

MICHAEL WATKINS, )
)
   Claimant/Appellant, )
)    **Moscow, April 2023 Term**
v. )
)    **Opinion Filed: August 15, 2023**
CITY OF PONDERAY, Employer, )
and IDAHO STATE INSURANCE )   **Melanie Gagnepain, Clerk**
FUND, Surety, )
)
   Defendants/Respondents. )
———————————————————)

Appeal from the Idaho Industrial Commission.

The Commission's decision is <u>reversed</u>, and the case is <u>remanded</u>.

Goicoechea Law, LLC, Lewiston, attorney for Appellant. Michael Kessinger argued.

Bonner County Prosecutor's Office, Sandpoint, attorney for Respondents. Louis Marshall III argued.

———————————————————

BEVAN, Chief Justice.

     This appeal arises from the Idaho Industrial Commission. Michael Watkins, a police officer with the Ponderay Police Department, injured his knee while chasing a suspect. Because Watkins was injured during the performance of his duties as a police officer, he was eligible to receive his full base salary during the period of his disability under the Peace Officer and Detention Officer Temporary Disability Act. Rather than receive payments under the Act, Watkins accepted worker's compensation benefits from the Idaho State Insurance Fund. Nearly a year later, Watkins filed a complaint against the City of Ponderay seeking payment of his full base salary. The Commission fashioned a remedy which required the City to pay Watkins his full base salary, but reduced that amount by the worker's compensation payments Watkins had already received. Watkins appealed, arguing the Commission failed to follow the Act and exceeded its authority by ordering that the City receive a credit for benefits Watkins received.

1

We reverse the decision of the Commission.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2018, Watkins injured his knee while chasing a suspect. Watkins remained on restricted duty and/or "no work" restrictions from August 19, 2018, until December 9, 2020. The Idaho State Insurance Fund (the "SIF") accepted Watkins' claim for benefits and paid him temporary total and temporary partial disability ("TTD/TPD") benefits for the period of August 19, 2018, through November 19, 2020.

On October 4, 2019, Watkins filed an Officer's Complaint for Continuation of Salary Benefits under the Peace Officer and Detention Officer Temporary Disability Act. I.C. § 72-1104. In response, the City acknowledged that it should have paid Watkins his base salary and had him remit the insurance checks he received, but explained it failed to do so based on Watkins' desire to keep the indemnity payments he received from the SIF. The Commission held Watkins was entitled to payment of his full base salary, but ordered that amount be reduced by the payments the SIF had already made. Watkins timely appealed the Commission's decision, arguing it erred in its interpretation of the Act.

## II. STANDARD OF REVIEW

When reviewing a decision of the Industrial Commission, this Court exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. Substantial and competent evidence is relevant evidence which a reasonable mind might accept to support a conclusion. It is more than a scintilla of proof, but less than a preponderance. All facts and inferences will be viewed in the light most favorable to the party who prevailed before the Industrial Commission.

*Tenny v. Loomis Armored US, LLC*, 168 Idaho 870, 877, 489 P.3d 457, 464 (2021) (quoting *Morris v. Hap Taylor & Sons, Inc.*, 154 Idaho 633, 636, 301 P.3d 639, 642 (2013)). "[T]his Court 'must liberally construe the provisions of the worker's compensation law in favor of the employee, in order to serve the humane purposes for which the law was promulgated.'" *Id.* (alteration in original) (quoting *Clark v. Shari's Mgmt. Corp.*, 155 Idaho 576, 579, 314 P.3d 631, 634 (2013)).

"The interpretation of a statute is a question of law over which this Court exercises free review." *Boyd-Davis v. Macomber Law, PLLC*, 157 Idaho 949, 952, 342 P.3d 661, 664 (2015) (quoting *Williams v. Blue Cross of Idaho*, 151 Idaho 515, 521, 260 P.3d 1186, 1192 (2011)). "When interpreting a statute, the Court begins with the literal words of the statute, and where the language of a statute is plain and unambiguous, the Court gives effect to the statute as written, without engaging in

2

statutory construction." *Id*. "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Verska v. Saint Alphonsus Reg'l Med. Ctr*., 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting *State v. Schwartz*, 139 Idaho 360, 362, 79 P.3d 719, 721 (2003)).

*Waite v. Moto One KTM, LLC*, 169 Idaho 49, 56, 491 P.3d 611, 618 (2021).

## III. ANALYSIS

**A.     The Commission erred in ordering the City receive a credit for the worker's compensation benefits Watkins received.**

The sole issue on appeal is whether the Commission failed to follow the Peace Officer and Detention Officer Temporary Disability Act when it fashioned a remedy which ordered the City to comply with the Act and pay Watkins his full rate of base salary, but offset that amount by crediting the City with the worker's compensation benefits Watkins already received from the SIF. Watkins argues this credit ignores the plain language of the Act and will deter attorneys from representing injured officers with respect to claims under the Act in the future, allowing an employer who withholds benefits to profit from its wrongdoing. At oral argument Watkins' attorney explained that attorneys representing injured workers typically do so on a contingency fee basis. If counties, cities, or the State receive a credit when they fail to fully compensate a claimant, the amount in dispute would be much smaller. For example, if a claimant's salary payment was going to be $800 a week, and the time loss payment is $700, there would only be a dispute over $100. If that continued for an entire year, the amount in dispute would only be $5,200, which may limit an attorney's desire to pursue the case.

The Peace Officer and Detention Officer Temporary Disability Act is codified in Idaho Code section 72-1104, which provides:

> (1) Any peace officer or detention officer employed by the state of Idaho or any city or county thereof who is injured in the performance of his or her duties:
>
> > (a) When responding to an emergency; or
> >
> > (b) When in the pursuit of an actual or suspected violator of the law; or
> >
> > (c) When the injury is caused by the actions of another person, and by reason thereof is temporarily incapacitated from performing his or her duties and qualifies for worker's compensation wage loss benefits under title 72, Idaho Code, shall be paid his or her full rate of base salary, as fixed by the state or by applicable ordinance or resolution, until the temporary disability arising from such injury has ceased. The employer shall withhold, collect and pay income tax on the salary paid to the employee as required by chapter 30, title 63, Idaho Code. Determinations and any disputes regarding entitlement to benefits under this chapter shall be decided by the industrial commission

3

> in accordance with the provisions of title 72, Idaho Code, and commission rules.
>
> (2) During the period for which the salary for temporary incapacity shall be paid by the employer, any worker's compensation received or collected by the employee shall be remitted to the state or to the respective city or county, as applicable, and paid into the treasury thereof. In addition, the employer shall be reimbursed for any remaining amount of salary not covered by such worker's compensation by application to the peace officer and detention officer temporary disability fund, as established in section 72-1105, Idaho Code, pursuant to rules adopted by the industrial commission; provided however, that any such reimbursement from the fund shall continue only during such period as the employee qualifies for worker's compensation wage loss benefits under title 72, Idaho Code.

I.C. § 72-1104.

"The interpretation of a statute is a question of law over which this Court exercises free review." *Waite*, 169 Idaho at 56, 491 P.3d at 618. "When interpreting a statute, the Court begins with the literal words of the statute, and where the language of a statute is plain and unambiguous, the Court gives effect to the statute as written, without engaging in statutory construction." *Id*.

Watkins alleges the Commission failed to follow the plain language of section 72-1104 because it did not order payment of his full rate of base salary despite the Act's mandate that it do so during the period of disability. We agree with Watkins' interpretation of the Act. As quoted above, the Act unambiguously requires: (1) "Any peace officer employed by the state of Idaho or any city or county thereof who is injured in the performance of his or her duties . . . shall be paid his or her full rate of base salary, as fixed by the state or by applicable ordinance or resolution, until the temporary disability arising from such injury has ceased"; and (2) "During the period for which the salary for temporary incapacity shall be paid by the employer, any worker's compensation received or collected by the employee shall be remitted to the state or to the respective city or county, as applicable, and paid into the treasury thereof." I.C. § 72-1104.

The Commission impermissibly created a credit offsetting these amounts rather than instructing the parties to follow the Act as written. The Commission's remedy was based in part on a concern that Watkins had not acknowledged a corresponding duty to remit the TTD/TPD payments he had already received. The Commission additionally assumed that Watkins had applied the TTD/TPD payments he received to the expenses incurred as a result of living without his customary salary. The Commission concluded that allowing Watkins to receive his full base salary without remitting the worker's compensation benefits would not be cognizable under the

4

Act.

On appeal, Watkins asserts the Act does not contain an "acknowledgment provision," and though the Act requires an officer to remit worker's compensation wage loss benefits, Watkins was not required to formally acknowledge he would comply with the law. Watkins separately argues that the Commission erred in assuming he had already applied the TTD/TPD payments he received to expenses incurred as a result of living without his customary salary. Whether Watkins acknowledged the requirement that he remit the TTD/TPD benefits he already received, or whether he spent that money, does not ultimately affect his obligation to remit those payments under the law.

The Act requires that an officer who has suffered a qualifying injury be paid his or her full rate of base salary, while also directing that employee to remit any worker's compensation benefits received. I.C. § 72-1104. The Commission erred in fashioning a remedy that offset those amounts. The Commission has previously explained the Act's requirements as follows:

> [A] claimant first receives full salary from an employer and worker[']s compensation income benefits. At first a claimant receives what appears to be double payment, but that is corrected by the next requirement. The claimant then gives the eligible employer any worker[']s compensation income benefits received during that time period, and the employer receives checks from the Peace Officer and Detention Officer Temporary Disability Act. After the passing of checks is complete, a claimant has received his salary from employer, and employer has received the worker[']s compensation income benefits as well as payment from the Act.

*Sloan v. Payette County.*, No. IC 2011-025673 (Jan. 31, 2014).

We see no need to countenance deviating from this statutorily required procedure here. The City has conceded it wants Watkins to receive what he is rightfully entitled to under the law. We reverse the Commission's decision and remand the case for an accurate application of the Act—the Commission must order the City to pay Watkins his full rate of base salary, and Watkins must be ordered to remit to the City the worker's compensation benefits he received.

**B**.     **Watkins is awarded attorney fees on appeal.**

Watkins requests attorney fees on appeal under Idaho Code section 72-804, Idaho Appellate Rule 11.2, and Idaho Code section 12-117, based on the City's deliberate violation of a statutory directive. Idaho Code section 72-804 provides that an employer must pay reasonable attorney fees when an employer neglects or refuses to pay an injured worker compensation provided by law without reasonable grounds. I.C. § 72-804. In a similar vein, Idaho Code section

5

12-117 directs the Court to award attorney fees "in any proceeding involving as adverse parties a state agency or a political subdivision and a person," if it "finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1).

Watkins argues the City's refusal to pay his full rate of base salary in compliance with Idaho Code section 72-1104 requires an award of attorney fees. We agree. The City admitted that it should have, but failed to, comply with the Act. Although the City's briefing suggests that the failure to follow the payment procedure outlined in section 72-1104 was done at Watkins' request, at oral argument, the City's attorney admitted that agreement was likely made without any knowledge of Idaho Code section 72-1104's existence. Thus, the City claims a mistake was made in allowing Watkins to keep his TTD/TPD benefits instead of following the compensation structure outlined in Idaho Code section 72-1104. The City's admission that it did not know the applicable laws and procedures to follow when compensating injured claimants is not reasonable. We thus award Watkins attorney fees on appeal under Idaho Code section 72-804, but will reserve ruling on what constitutes "reasonable attorney fees" in this case pending submission of Watkins' memorandum of costs and attorney fees. Because we have awarded fees on this basis we do not need to reach the question of whether Watkins would be entitled to attorney fees under Idaho Code section 12-117 or Idaho Appellate Rule 11.2.

## IV. CONCLUSION

The Commission's decision is reversed, and the case is remanded with instructions for the Commission to enter a decision ordering the parties to comply with Idaho Code section 72-1104. Watkins is awarded fees and costs on appeal.

JUSTICES BRODY, STEGNER, MOELLER, and ZAHN CONCUR.